IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DR. MARK G. TURNER, DDS, PC, and )
DR. MARK G. TURNER, DDS in his )
individual capacity, )
)
        Plaintiffs, )
)
v. ) Civil Action No. 3:17cv527–HEH
)
DENTAQUEST, LLC, )
)
        Defendant. )

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Dr. Mark G. Turner's[1] ("Plaintiff") Motion for Default Judgment (ECF No. 30) and Defendant Dentaquest, LLC's ("Defendant" or "Dentaquest") Motion for Extension of Time to File Answer (ECF No. 32) and Motion to Dismiss for Failure to State a Claim (ECF No. 40). For the reasons that follow, Plaintiff's Motion for Default Judgment will be denied, Defendant's Motion for Extension of Time to File Answer will be granted, and Defendant's Motion to Dismiss will be deemed properly filed on the date that the Order accompanying this Memorandum Opinion is entered. Plaintiff will have **fourteen (14) days** from the entry of that Order to file a response to Defendant's Motion to Dismiss.

### I. Plaintiff's Motion for Default Judgment

Federal Rule of Civil Procedure 55 provides a two-step process by which a

---

[1] This action is brought by Plaintiff "both in his individual capacity and through his corporation." (Compl. ¶ 20, ECF No. 1.)

plaintiff can obtain relief on the merits based solely on a defendant's failure to file a responsive pleading or otherwise defend in the case. First, a plaintiff moves for an entry of default, which the clerk must enter if the plaintiff has provided sufficient proof of the defendant's default. Fed. R. Civ. P. 55(a). Second, after the plaintiff has secured an entry of default, the plaintiff can move for default judgment. Fed. R. Civ. P. 55(b).

On March 26, 2017, Plaintiff filed his Motion for Default Judgment. Confusingly, while Plaintiff titled the filing "Motion for Entry of Default Judgment Against Defendant Dentaquest, LLC" and designated it as a motion for default judgment in the Court's docketing system, the body of the Motion fluctuates between requesting an entry of default judgment and an entry of default. Given this lack of clarity, the Clerk issued a Notice of Correction on April 11, 2018 that informed Plaintiff of the mistake and instructed him to refile the document correctly. To date, Plaintiff has taken no action to remedy the error. The Court cannot transform itself into an advocate for Plaintiff nor can the Court be expected to discern Plaintiff's unexpressed intent. Based upon its title, docketing designation, and the body, the Court construes the Motion as seeking default judgment. Because Plaintiff did not first secure an entry of default from the clerk, the Motion will be denied.

**II. Defendant's Motion for Extension of Time and Motion to Dismiss**

Federal Rule of Civil Procedure 12 provides that a defendant must file a responsive pleading within twenty-one days of being served with process. Fed. R. Civ. P. 12(a)(1). The filing of a motion under Rule 12(b) effectively tolls this time period until the Court has denied the motion or announces its intention to delay its disposition until

2

trial. Fed. R. Civ. P. 12(a)(4)(A). When a party fails to take action within a specified time period, the Court can only issue an extension of time upon the motion of a party and for good cause showing that the moving party's delay was due to "excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). "In determining if a party's neglect is excusable, courts consider 'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Agnew v. United Leasing Corp.*, 680 F. App'x 149, 155 (4th Cir. 2017) (quoting *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

Defendant has satisfied its burden of showing that an extension of time is warranted. First and foremost, Plaintiff consents to the extension sought by Defendant. (Pet'r Br. 3 n.1, ECF No. 37.) The delay also does not appear to have been due to bad faith. Defendant maintains that the delay was due to the fact that the individual who received service never notified the appropriate person at Dentaquest and that Defendant's counsel was not made aware of this case until March 27, 2018. (Mem. Supp. Mot. Ext. Time ¶ 4, ECF No. 33.)

Moreover, while the length of the delay is significant, its potential impact on judicial proceedings appears minimal. Plaintiff filed his Motion for Default Judgment after taking no action towards Defendant for the nearly seven months that Defendant was in default and only after the Court required Plaintiff to provide a status update as to Dentaquest—the only remaining defendant in the case. Defendant filed its Motion seeking an extension just three days later. Had Plaintiff properly sought and received an

entry of default, it is likely that the default would have been vacated given the surrounding circumstances and the Fourth Circuit's "strong policy in favor of merits-based adjudication." *Colleton Preparatory Acad., Inc. v. Hoover Universal*, 616 F.3d 413, 418 (4th Cir. 2010). In that event, Defendant would have leave to file a responsive pleading just as they seek to do through their present Motion. Based upon these factors, and with particular focus on Plaintiff's consent to the extension, Defendant's Motion for an Extension of Time to File Answer will be granted.

On April 18, 2018, Defendant filed its Motion to Dismiss for Failure to State a Claim. This action was taken without first securing leave from this Court,[2] and therefore the Motion was not properly filed on that date. However, given the fact that the Court is granting Defendant leave to make such a filing, the Court will deem Defendant's Motion to Dismiss as properly filed on the date of entry of the Order accompanying this Memorandum Opinion. Accordingly, Plaintiff will have **fourteen (14) days** from that date to file a response to Defendant's Motion to Dismiss.

### III. Conclusion

For these reasons, Plaintiff's Motion for Default Judgment will be denied and Defendant's Motion for an Extension of Time to File Answer will be granted. Defendant's Motion to Dismiss will be deemed as properly filed on the date of the entry of the Order accompanying this Memorandum Opinion, and Plaintiff will have **fourteen (14) days** from that date to file a response to Defendant's Motion to Dismiss.

---

[2] The Court withheld judgment on Defendant's Motion seeking an extension in the vain hope of first resolving the issue of default, as that issue had the potential to remove the need for an extension.

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: June 11, 2018
Richmond, VA